IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2015

**EDDIE LEE MURPHY, SR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 111-2015    Joe H. Thompson, Judge**

**No. M2015-01258-CCA-R3-PC – Filed February 10, 2016**

The Petitioner, Eddie Lee Murphy, Sr., appeals the Sumner County Criminal Court's denial of his petition for post-conviction relief from his conviction for first degree felony murder and his life sentence. The Petitioner contends that the post-conviction court erred by denying his request for DNA testing pursuant to the Post-Conviction DNA Analysis Act. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Eddie Lee Murphy, Sr., Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; and Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the death of seventy-seven-year-old Dorothy Jordan in 2004. The Petitioner pleaded guilty to first degree felony murder and was sentenced to life imprisonment. The Petitioner filed a post-conviction petition in 2007. The post-conviction court denied relief, and this court affirmed the denial. *Eddie Lee Murphy, Sr. v. State*, No. M2009-01993-CCA-R3-PC, 2011 WL 255300 (Tenn. Crim. App. Jan. 20, 2011), *perm. app. denied* (Tenn. May 26, 2011). In its opinion, this court summarized the facts of the case as follows:

> The State's recitation of facts at the guilty plea hearing reflected that he killed
> Dorothy Jordan while committing a robbery. The victim was seventy-seven

years old and lived alone. Gallatin Police Investigator Charlie Harris found her body in her home on June 8, 2004. The victim was lying in the doorway separating the living room from the hallway. She had a four-inch cut on the left side of her throat and defensive wounds on both hands.

Officer Harris's investigation revealed that the victim's purse and a dresser drawer had been searched. Officer Harris found bloodstains throughout the home and found a chair overturned in the living room. On the day of the murder, police found a small tag in the victim's driveway with "567 Small" written on it.

Tom Deering of the Davidson County Medical Examiner's Office performed an autopsy and found that the cause of death was the laceration to the victim's throat. Dr. Deering determined that the victim died between 7:00 a.m. and 10:00 a.m. on June 8, 2004.

The police developed the Petitioner as a suspect through various witness interviews. At approximately 11:00 p.m. on the day after the murder, police located the Petitioner in Nashville at the home of his aunt, Mary Thomas. Police found a pair of black Nike tennis shoes at the home. The Petitioner's cousin, Perry Adams, at first claimed that the shoes were his but later stated that the shoes belonged to the Petitioner, who asked him to switch shoes. The Petitioner admitted to the police that the shoes were his and that he had asked his cousin to switch shoes. A Metro Police Department crime scene investigator confirmed that the shoes had blood on them. The Tennessee Bureau of Investigation's (TBI's) crime laboratory tested the shoes and found that the blood samples matched the victim's DNA.

The Petitioner told Officer Harris that he lived at 567 Small Street in Gallatin, which was one of the victim's rental properties. He admitted he was in Gallatin during the time of the murder. The Petitioner said that he lived at the Small Street address with a woman named Kim Franklin and that he did maintenance work on the victim's rental properties to help Ms. Franklin pay the rent. The Petitioner told the officer that he had been in the victim's house before and that he would routinely call the victim to see if she had any work for him. The Petitioner also cut the grass at several of the victim's rental properties. Shortly before her murder, the victim told her handyman that she was not satisfied with the Petitioner's work and that she wanted her handyman to cut the grass.

On June 10, 2004, police executed a search warrant at the Petitioner's home. The police found a shirt in the dryer that was covered in bleach and appeared to have bloodstains on it. The Petitioner smelled of bleach when he was found in Nashville the day before, and he claimed the odor was from washing dishes. The shirt he was wearing also appeared to be stained with bleach. At the guilty plea hearing, the Petitioner agreed under oath that the facts as recited by the State were substantially correct.

*Id.* at \*1-2.

The Petitioner filed the instant petition on January 13, 2015, requesting forensic DNA analysis of eight pieces of previously untested evidence consisting of cigarette butts taken from the back steps and driveway of the victim's home, four knives, and four brown-handled knives, a wooden case containing seven knives, a pair of scissors, a stainless steel kitchen knife, and a stainless steel knife with a wooden handle. The Petitioner stated that the items were never tested to determine the presence of DNA, "Nor was any such evidence compared to the DNA of the victim in this case," although he did not allege DNA analyses would establish he was not present at the victim's home. Attached to the petition were copies of police evidence logs showing that the eight items were collected by the police.

The State's response included copies of police reports and a DNA analysis report, which reflected that the eight items identified in the petition were not analyzed. The State argued that the absence of the Petitioner's DNA on the items would not have changed the outcome of the proceedings because the victim's blood was found on the Petitioner's shoes.

The post-conviction court summarily denied relief. The court determined that the Petitioner's guilty plea obviated the need for DNA testing and noted that the Petitioner's stated concern was a comparison between the victim's DNA and any DNA found on the items, not a comparison with the Petitioner's DNA. The court also determined that the Petitioner failed to establish the items' continued existence and whether they were in a condition to allow testing. This appeal followed.

The Petitioner contends that the post-conviction court erred in summarily denying his petition and requests an evidentiary hearing. We note the Petitioner requests for the first time on appeal that the untested items be analyzed to establish the absence of his DNA, arguing that the absence of his DNA on the items would prove he was not at the victim's home. The State responds that the dismissal of the petition was proper.

Tennessee Code Annotated section 40-30-303 (2014) establishes the right of a defendant convicted of certain offenses, including first degree murder, to petition for the DNA analysis of "any evidence that is in the possession or control of the prosecution, law

-3-

enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." A presumption exists that the evidence yielded by a DNA analysis would be favorable to the petitioner, and a court may order a DNA analysis if

(1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-305(1)-(4) (2014). DNA testing must be ordered if a "reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained[.]" *Id.* § 40-30-304(1) (2014). A petitioner must prove all four conditions in order to obtain relief. *See State v. Powers*, 343 S.W.3d 36, 48 (Tenn. 2011).

The record reflects that even if the Petitioner's DNA were not present on the items identified in the petition, the outcome of the proceedings would not have been affected. We note that this court concluded in a previous appeal that the Petitioner entered a knowing and voluntary plea. *Eddie Lee Murphy, Sr.*, 2011 WL 255300, at *10. At the guilty plea hearing, the Petitioner admitted that he robbed and killed the victim. Although the Petitioner argues in his brief that DNA evidence would have established he was not present at the crime scene, a lack of DNA evidence does not establish the Petitioner's innocence of the crime of which he was convicted, especially in light of the presence of the victim's blood on the Petitioner's shoes.

In view of these facts, the Petitioner's request for DNA testing holds no reasonable probability that the outcome of the proceedings would have been more favorable to the Petitioner because independent, significant inculpatory evidence exists. A lack of the Petitioner's DNA at the crime scene would not have changed the outcome of the proceedings because it had no exculpatory value and because the State's evidence precipitating the plea

-4-

agreement would have been the same. The record supports the post-conviction court's determination that the Petitioner failed to establish that had DNA analyses been performed on the identified items, the outcome of the proceedings would have been more favorable to the Petitioner. *See* T.C.A. § 40-30-305. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE